

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 12, 1939

Honorable Homer Garrison, Jr.
Department of Public Safety
Austin, Texas

Dear Sir:                     Attention: T. Gay Shepherd

Opinion No. O-283
Re: Whether a License and Weight
Inspector has authority to
break a lock upon a truck in
order to unload the same for
the purpose of determining
whether such truck carries
an excess load.

We are in receipt of your letter of May 15, 1939,
wherein you outline the following facts:

"A License & Weight Inspector believes that
a truck is transporting more than 7,000 pounds
over the highways of this State in violation of
our Penal Code. Upon such belief, the License
& Weight Inspector orders the truck to stop and
attempts to weigh the truck and load to determine
the weight of the load transported thereon; how-
ever, the registration papers carried by the
truck driver would indicate that the load does
not exceed 7,000 pounds. In an effort to deter-
mine whether or not the registration of such
truck was within the proper weight classification,
the License & Weight Inspector attempts to unload
the vehicle but finds the van in which the load
is transported locked and the driver of the truck
claims that he has no key, but that this lock is
placed on the van at the point of origin and the
receiver of the merchandise has a master key with
which to remove the lock and unload the goods."

You request our opinion as to whether or not under
such circumstances a License & Weight Inspector has the au-
thority to break the lock and determine whether or not the
motor vehicle has been correctly registered; that is, whether
the truck actually weighs as much as the registration papers
would indicate, thereby determining the net load transported
on the motor vehicle.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 827a, Section 5a, Penal Code, reads as follows;

"(a) Upon application for registration of any commercial motor vehicle, truck-tractor, trailer or semi-trailer, the applicant shall deliver to the tax collector, or one of his duly authorized deputies, an affidavit, duly sworn to before an officer authorized to administer oaths, showing the weight of said vehicle, which affidavit shall be kept on file by the collector. The license receipt issued to the applicant shall also show said weight. A copy of said receipt shall be carried at all times on any such vehicle while same is upon the public highway. Such affidavit, or a certified copy thereof, may be introduced as evidence showing the weight of said vehicle, and such affidavit shall be prima facie evidence of the weight thereof; provided, however, that it may be shown that said affidavit is false or that said weight inserted therein is incorrect."

Article 827a, Section 6 of the Penal Coe reads as follows;

"Any license and weight inspector of the State Highway department, having reason to believe that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. The inspector may then require the driver or operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified by this Act."

In the facts submitted to us, you advise that a License & Weight Inspector believes that a truck is transporting more than 7,000 pounds, as the predicate for stopping the truck for the purpose of weighing the same. We would mention that the mere belief of such an inspector that a truck is transporting more than 7,000 pounds would not be sufficient to authorize such a procedure on the part of the inspector. His belief must be supported by reasonable grounds.

In the case of Whitehead vs. Richardson, 127 S.W. (2d) 512, the District Court had entered a judgment perman-

Hon. Homer Garrison, Jr., Page 3

ently enjoining the Public Safety Commission of Texas and its members and the Texas Highway Patrol from unloading motor trucks belonging to appellants in order to weigh the same, and to ascertain their weight when empty. The Court of Civil Appeals of Dallas reversed and rendered such judgment dissolving such restraint and holding that when an inspector has reason to believe that the law is being violated, and that such course is deemed necessary to verify the infraction, he may unload all or any portion of a load found on such a vehicle for the purpose of determining the correct weights and ascertaining whether the law is being violated. In support of such holding, we cite also the cases of New Way Lumber Company vs. Smith, 96 S.W. (2d) 282; State of Texas vs. Ferguson, et al, 125 S.W. (2d) 272; and Richardson vs. Hurley, 126 S.W. (2d) 1001.

When an inspector comes upon a motor truck, which he has good reason to believe and does believe is carrying a load in excess of that allowed by law, it is his duty to weigh such loaded truck and then to unload the same and weigh it empty and in that way to ascertain whether the law is being violated. Can the truck operator defeat the law and frustrate the officer in the performance of his duty by refusing to unlock the van and permit the processes of the law to be carried out in an orderly and peaceful manner? We think not. The action of such officers in weighing the loaded truck, in emptying the same, and weighing it empty is in the nature of a search. If necessary in the execution of a search warrant an officer may break and enter the premises which are to be searched. 56 C.J. 1242; 24 R.C.L. 708. Where an officer has the authority to make a search without a warrant it would seem that his powers and duties should be the same as if he had a search warrant authorizing the same kind of a search.

Assuming that the inspector has sufficient grounds for his belief that the truck carries a load in excess of that permitted by law, our answer to your question is an affirmative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        /s/
          Glenn R. Lewis
          Assistant

CRL:jm

APPROVED:

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By C.O.B., Chairman